# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**January 7, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **RITA JEAN FISHER,** | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Davidson Chancery No. 93-3535-II |
| | ) | |
| **v.** | ) | |
| | ) | Appeal No. 01A01-9708-CH-00389 |
| **LENA GREEN and GLORIA SMITH,** | ) | |
| | ) | |
| Defendants/Appellees. | ) | |


APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE


THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR


For the Plaintiff/Appellant:                    For the Defendants/Appellees:

W. Gary Blackburn                              Kathy A. Leslie
Jay C. Ballard                                 Nashville, Tennessee
Nashville, Tennessee


**AFFIRMED**


HOLLY KIRBY LILLARD, J.


CONCURS:

ALAN E. HIGHERS, J.


DAVID R. FARMER, J.

**OPINION**

This is a nuisance action by one neighbor against another. The plaintiff alleged in her lawsuit that the defendant took action to cause flooding on the plaintiff's property. The trial court found that the defendant had taken actions that resulted in flooding and enjoined further such actions, but found the evidence insufficient to award the plaintiff monetary damages for alleged damage to her home. The plaintiff appeals, and we affirm.

The Plaintiff Rita Jean Fisher (Fisher) and the Defendants Lena Green and Gloria Smith (Defendants) are next-door neighbors in Hermitage, Tennessee, a bedroom community outside of Nashville. The lots in their subdivision are large and wooded. Drainage channels are located near the property lines between the homes and are designed to remove storm water run-off from the lots.

In October 1992, Fisher noticed flooding on her property. The flood waters flowed from a channel which ran past Fisher's property and Defendants' adjacent property. The Defendants' property is downstream from Fisher's property.

The Defendants installed a wooden walkway over the drainage channel located on their lot. They indicated that this was done to provide convenient access to get their riding lawnmower to the rear of their property. Fisher claimed that the Defendants intentionally placed debris near the bridge in order to dam up the channel and "flood her out." This collection of debris allegedly caused the water to accumulate on Fisher's property and resulted in flooding.

The record in this case includes evidence of numerous incidents that reflect animosity between the parties. The disputes between them at times involved the police and the fire marshal. Ultimately, the plaintiff filed this lawsuit, seeking injunctive relief and monetary damages.

A lengthy bench trial ensued, with considerable testimony and forty-five exhibits. Fisher alleged that the flooding caused by the Defendants' actions resulted in damages to her home, including damage to her plumbing system, cracks in the foundation of the house, damage to her condensing unit, settling of a patio, and cracks in the dry wall in the interior of the house. Both parties presented expert testimony on the flooding and the damage to the house.

Fisher presented the testimony of two experts, Robert Whittaker and Ronald Scott Foster. Whittaker testified that the flooding had damaged Fisher's home and property. Whittaker stated that the flooding was due to changed conditions on the property, and that the bridge installed by the Defendants was one of those changed conditions. Whittaker testified about the decrease in the value

of Fisher's house caused by the claimed damage to the house, and that periodic flooding likely caused the claimed damages. Whittaker also acknowledged that other factors, such as poor workmanship, could cause the claimed damages.

Fisher's other expert, Foster, testified that the flooding on Fisher's property was due to the slope of the stream, the shape of the ditch, and obstruction of the drainage ditch. He acknowledged that he did not know if the slope and shape factors were caused by the Defendants or by Fisher.

Defendants' expert, Michael Hunkler, testified that the Defendants' bridge, in and of itself, could not have caused the flooding of which Fisher complained. Hunkler acknowledged that he had not observed the property in question during severe weather conditions, and that he did not examine the areas of claimed damage to Fisher's property, such as her patio and her foundation.

After the trial, the trial court made the following findings:

1. There has been some dumping/putting materials in ditch by defendants (leaves, ashes, limbs, but no chemicals).

* * *

3. There is some obstruction by defendants' bridge and that obstruction has resulted in water backup onto plaintiff's property.

* * *

## Conclusions of Law and Remedy

Permanent Restraining Order:

a) Defendants are enjoined from putting any items in the ditch. This includes any dumping of leaves, branches and ashes.

* * *

c) Due to the backup caused by the bridge on defendants' property, the defendants shall remove the bridge and the debris lodged against it and under it within sixty (60) days. . . .

d) Plaintiff failed to carry the burden of proof that damages were caused by defendants to her home or property. Thus, no damages are awarded.

* * *

g) The court will not issue a mutual restraining order because it feels that doing so would add gas to the fire. This decision was made after thinking long and hard about relief.

Fisher then filed this appeal. On appeal, Fisher argues that the trial court erred in not awarding her damages for the claimed injury to her home and property.

Our standard of review is *de novo*, with a presumption of correctness of the trial court's

2

findings of fact. *See* Rule 13(d) of the Tennessee Rules of Appellate Procedure.

Fisher argues that the trial court erred in failing to award damages for injury to her property despite the trial court's finding that the Defendants created a nuisance. Fisher contends that, contrary to the trial court's conclusion, she proved causation of damages through expert testimony that described the nature of the injuries to her property as a result of the alleged flooding. Defendants maintain that the proof did not establish by a preponderance of the evidence that the Defendants' actions caused Fisher's damages.

In addition to her expert's testimony, Fisher provided written reports by private engineers which referred to property damage and the structural changes needed in order to prevent further damage. Fisher alleged that the flooding on her property had resulted in damage to the foundation of her home, damage to a decorative fountain placed in her yard, cracks in concrete walkways, and damage to her home's heating and cooling system.

The trial record contains over a hundred photos taken by Fisher, and a number of photos taken by the Defendants. However, there are no pictures of flooding or standing water inside Fisher's home, near her home or near the foundation of the home. There is also evidence that Fisher had made complaints to owners of adjoining properties other than the Defendants concerning flooding on her property prior to filing this lawsuit.

Fisher provided extensive records of the damages caused by this flooding and the expense necessary to prevent its recurrence. However, the evidence indicates that the flooding on Fisher's property could have been caused by excessive storm water runoff, Fisher's changes to the surface of her property involving extensive earth moving, debris collecting under the Defendants' bridge, excessive runoff from upstream, or a combination of any or all of these factors.

Causation, or cause in fact, means that the injury or harm would not have occurred "but for" the defendant's negligent conduct. *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993) (citing *Caldwell v. Ford Motor Co.*, 619 S.W.2d 534, 543 (Tenn. App. 1981); *Wyatt v. Winnebago Indus., Inc.*, 566 S.W.2d 276, 280 (Tenn. App. 1977)). "Cause in fact . . . deals with the 'but for' consequences of an act. 'The defendant's conduct is a cause of the event if the event would not have

3

occurred but for that conduct.'" ***Id.*** (citing ***McKellips v. Saint Francis Hosp.***, 741 P.2d 467, 470 (Okl. 1987).

Therefore, in order to recover damages, Fisher must show by a preponderance of the evidence that the damage to her property would not have occurred but for the conduct of the defendants. ***See Kilpatrick***, ***supra***. From our review of the record, the evidence does not preponderate against the trial court's conclusion that Fisher failed to carry her burden of proof that her damages were caused by the Defendants. Therefore, the trial court's decision not to award damages to Fisher is affirmed.

The decision of the trial court is affirmed. Costs are assessed against Appellant, for which execution may issue, if necessary.


_____
_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**


_____
**ALAN E. HIGHERS, J.**


_____
**DAVID R. FARMER, J.**


_____

4